FITCHBURG RAILROAD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8849. Promulgated October 4, 1927.

1. Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

2. No portion of premiums at which bonds were issued, which bonds were outstanding at the close of the taxable year, represented income within the taxable year.

*J. S. Y. Ivins, Esq.*, and *O. R. Folsom-Jones, Esq.*, for the petitioner.

*N. M. Fisher, Esq.*, and *P. J. Rose, Esq.*, for the respondent.

The Commissioner determined a deficiency in income and profits tax of $96,855.82 for the fiscal period January 1 to November 30, 1919. The issues involved are (1) whether the payments, under the term of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor, and (2) whether the premiums received upon the sale of bonds prior to March 1, 1913, should be spread over the life of the bonds and treated as income accrued ratably over that period.

FINDINGS OF FACT.

During the taxable period petitioner was a Massachusetts corporation with principal office at Boston. It was the owner of a railroad which it had leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of the petitioner for each year was payable and was paid by the lessee in the following year.

The Commissioner computed a Federal income tax of $88,050.75 upon petitioner's income, as revised by him, for the period January 1 to November 30, 1919, and added the said amount of $88,050.75 to petitioner's taxable income for the said fiscal period.

The income-tax return of the petitioner for the calendar year 1918 showed a tax liability of $112,910.58, computed upon the income of petitioner for that year without the inclusion therein of any amount on account of tax paid by petitioner's lessee. This tax of $112,910.58 was paid by the Boston & Maine Railroad, petitioner's lessee, during the year 1919. Petitioner kept its books and rendered its return upon an accrual basis.

Petitioner was merged with the Boston & Maine Railroad December 1, 1919. Prior to March 1, 1913, petitioner issued bonds in the amount of $9,935,000 and sold them at premiums aggregating $362,207.75. The Commissioner added to petitioner's net income for the fiscal period January 1 to November 30, 1919, $16,601.18, as being that proportion of the premium so realized which he claimed to be taxable income to the petitioner for said period.

### OPINION.

LITTLETON: In *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, the Board held that the amount of tax upon the income of the lessor and paid by the lessee, under the terms of a lease such as we have here, constituted additional taxable income to such lessor in the year in which such tax was paid by the lessee. On the authority of that decision petitioner's tax for the fiscal period January 1 to November 30, 1919, should be recomputed by including in income the amount of $112,910.58 representing the tax upon petitioner's income for 1918 and paid by the lessee in 1919.

The second issue is governed by the decision of the Board in *Old Colony Railroad Co.*, 6 B. T. A. 1025. On the authority of the decision in that proceeding it is held that no portion of the premium at which bonds which were outstanding at the close of each of the taxable years involved were issued constituted income during the taxable years.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*